47 F.3d 1167
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles F. ALDRIDGE, et al., Plaintiffs-Appellants,
v.
MOSLER, INC., Defendant-Appellee.
 No. 94-3061.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and FEIKENS, District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiffs in this case are retired employees of Mosler, Inc., the defendant. They brought suit for "wrongful reduction in health care benefits" when Mosler altered the terms of their group health care program after the date of their retirement. Because the original health care program for Mosler retirees was part of a collective bargaining agreement, the plaintiffs claimed that in changing their health care benefits, Mosler had violated provisions of both the Labor Management Relations Act and the Employe Retirement Income Security Act. The company countered by arguing that the changes in benefits had been envisioned and authorized by express language in the collective bargaining agreement. The district court concurred in Mosler's position and dismissed the plaintiffs' complaint for failure to state a claim. We have reviewed the record and the district court's opinion and find it to be correct in both its analysis and its result. We therefore affirm the district court's judgment on the basis of that opinion and for the reasons stated therein.
 
 
 2
 The collective bargaining agreement, having set out the benefits for Mosler employees, made the following provision for retirees:
 
 
 3
 For employees who retire on or after July 1, 1990, under the above provision or early retirement between age 60 and 65, the Company will pay the entire cost of the group health care program in effect for active employees inclusive of the prescription drug card for the retiree and his eligible dependents until the retiree reaches age sixty-eight (68) and/or becomes eligible for Medicare coverage. Should the group health care program for active employees change, the program for retirees will change accordingly.
 
 
 4
 The plaintiffs allege that, based upon assurances from the company regarding the extent and duration of their medical benefits under the contract with Mosler, they voluntarily retired prior to the expiration of the 1990 collective bargaining agreement. On September 28, 1992, however, after expiration of the collective bargaining agreement, Mosler sent correspondence to its retired employees informing them that the medical insurance coverage was being reduced for all eligible employees; consequently, the retirees would also be subject to higher deductible amounts, higher out-of-pocket expense caps, higher premiums, and elimination of the prescription drug card method of obtaining needed medication.
 
 
 5
 Interpreting such information as a direct violation of the collective bargaining agreement's medical insurance provisions, the retirees filed suit against Mosler alleging: (1) a breach of the collective bargaining agreement pursuant to the provisions of Sec. 301 of the LMRA, 29 U.S.C. Sec. 185; (2) a violation of Sec. 301 based upon a theory of promissory estoppel; (3) a cause of action under the provisions of Sec. 502 of ERISA, 29 U.S.C. Sec. 1132, for recovery of benefits due under an employee benefit plan; (4) a breach of fiduciary duty under Sec. 404 of ERISA, 29 U.S.C. Sec. 1104; and (5) a common law promissory estoppel cause of action. In response, Mosler moved for dismissal of all causes of action for failure to state a claim upon which relief could be granted, pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 6
 The district court agreed with Mosler and concluded that the language of the collective bargaining agreement "unambiguously allows the Defendant to change the retirees' benefits to the same extent that the Defendant changes the benefits for the active employees." Furthermore, the district court determined that the estoppel arguments advanced by the plaintiffs were without merit because, among other reasons, letters received by the retirees from Mosler guaranteeing certain medical benefits were written after the plaintiffs retired and could not, therefore, have affected their retirement decisions. Finally, the court also found no merit to the plaintiffs' breach of fiduciary duty claim because established Sixth Circuit law provides that a company does not act in a fiduciary capacity when terminating or altering an employee benefit plan. See, e.g., Adams v. Avondale Industries, Inc., 905 F.2d 943, 947 (6th Cir.), cert. denied, 498 U.S. 984 (1990).
 
 
 7
 After careful study of the record and the briefs filed in this action, and having had the benefit of oral argument, we conclude that the district court correctly entered judgment in the defendant's favor and AFFIRM.
 
 
 
 *
 The Hon. John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation